UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

ROSE HILL CENTER, INC.,
a Michigan non-profit corporation,

       Plaintiff,

vs

HOLLY TOWNSHIP, a Michigan municipal body,

       Defendant.

Case No. 12 -
Hon:

---

# COMPLAINT

Plaintiff, Rose Hill Center, Inc., by and through its attorneys, Williams, Williams, Rattner & Plunkett, P.C., states for its Complaint against Defendant Holly Township as follows:

## PARTIES, PROPERTY, JURISDICTION AND VENUE

1) Plaintiff, Rose Hill Center, Inc. (hereinafter "RHC" or "Plaintiff"), is a Michigan non-profit corporation which provides residential and non-residential psychiatric rehabilitation services for adults with mental illness.

2) Defendant, Holly Township (hereinafter "Township" or "Defendant"), is a Michigan municipal body located in Oakland County, Michigan.

3) Plaintiff is the owner of certain real property described as 5130 Rose Hill Boulevard, Holly, Michigan 48442 (the "Property").

4) This Court has original subject matter jurisdiction over the federal questions asserted herein pursuant to 28 U.S.C. §1331.

5) This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367(a) over the state law claims asserted herein as such claims form part of the same case or controversy as the federal questions asserted herein.

6) The actions or occurrences alleged in this Complaint occurred in Oakland County, Michigan. Defendant is a Michigan municipal body, therefore, personal jurisdiction exists in this District.

7) Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. §1391(b) and (c).

## FACTUAL ALLEGATIONS

8) RHC is a private, non-profit, residential and non-residential rehabilitation facility for those diagnosed with schizophrenia, schizoaffective disorder, clinical depression, bipolar disorder or other major mental illnesses.

9) RHC holds five separate licenses with the State of Michigan as an adult foster care facility and is accredited by the Joint Commission for Behavioral Health Services.

10) RHC residents are often placed at RHC by various governmental and quasi governmental mental health care authorities.

11) RHC has operated in the Township for over twenty (20) years.

12) In order to reside at RHC, an individual must, at the time of admission, be an adult individual who has been diagnosed with mental illness; is not believed to be using drugs or alcohol; is not believed to be currently verbally or physically aggressive, and is not believed to be actively suicidal or harmful to others.

13) The residential rehabilitation program at RHC provides services aimed at helping residents successfully achieve and maintain psychiatric stability, meaningful daily activity, and independent community living.

14) The transitional living program at RHC is designed for graduates of the RHC residential rehabilitation program and others who have achieved basic levels of independence, but who need support and guidance before moving back into the general community.

15) RHC also offers an extended residential program to its residents.

16) RHC also offers a non-residential outpatient community support program to individuals diagnosed with a mental illness who are residing independently.

17) Pursuant to the Township Zoning Ordinance the Property is zoned as "AGRE", agricultural-residential.

18) The Property consists of approximately four hundred and twelve (412) acres of adjoining real estate within the Township.

19) The AGRE district permits one (1) residence for every five (5) acres by right, without the need for a special land use permit or other application process.

20) Defendant required and ultimately granted a special land use permit ("SLUP") to RHC on or about July 24, 1989, as a condition to RHC's commencement of operations.

21) The SLUP itself is unlawful under various federal and state legal authorities, regulations and laws. No reasonable or rational health, safety, welfare or other legitimate governmental purpose or interest was advanced by Defendant's decision to subject Plaintiff to special land use processes, requirements, and approvals that are not required for other similarly situated land uses in the Township.

3

22) The first condition of the SLUP ("Condition One") provides that RHC's occupancy must be limited to a maximum of forty-eight (48) residents at any given time.

23) No reasonable or rational health, safety, welfare or other legitimate governmental purpose or interest was advanced by Defendant's decision to restrict Plaintiff's proposed and intended use of the Property to 48 residents as mandated by Condition One of the SLUP.

24) The fourth condition of the SLUP ("Condition Four") provides that no persons who have been adjudicated criminally insane or convicted of a felony may reside at or be treated at RHC.

25) Condition Four is vague and ambiguous on its face as to the term "adjudicated criminally insane" as that term is not defined in the Michigan Penal Code or common law and is thus unenforceable.

26) No reasonable or rational health, safety, welfare or other legitimate governmental purpose or interest was advanced by Defendant's decision to restrict Plaintiff's proposed and intended use of the Property to exclude all persons who have been adjudicated criminally insane (upon information and belief, Defendant believes that the term "adjudicated criminally insane" applies to persons adjudicated "not guilty by reason of insanity") ("NGRI") or have been convicted of a felony as mandated by Condition Four of the SLUP.

27) The Township municipal Planner has consistently stated that RHC "serves an important need in society" and has cautioned the Holly Board that "any appearance of discrimination of this particular use . . . . may have implications with the Federal Fair Housing Act."

28) Further, the Township municipal Planner has recommended that the Holly Board of Trustees "amend the Zoning Ordinance to include very specific and special language in the AGRE district that would accommodate Rose Hill's use."

00743417.DOC

29) Through the SLUP, the Township has effectively excluded some persons with a mental disability who have been adjudicated NGRI from residing at or being treated at RHC.

30) Through the SLUP, the Township has effectively excluded some persons with a mental disability who have been convicted of a felony from residing at or being treated at RHC.

31) Through the SLUP, the Township has effectively excluded individuals who desire to reside at RHC from residing at RHC by way of Condition One of the SLUP, which arbitrarily limits the total occupancy at RHC to 48 residents.

32) Through the SLUP, the Township has effectively excluded residents who are referred to RHC by State and local agencies by way of (1) Condition One of the SLUP, which arbitrarily limits the total occupancy at RHC to 48 residents and (2) Condition Four of the SLUP, which prohibits the housing and treatment of persons adjudicated NGRI or convicted of a felony.

33) There is no adequate remedy at law through which RHC can expeditiously and reasonably establish and enforce its right to occupy and freely use the Property as a residential and non-residential rehabilitation facility for individuals diagnosed with schizophrenia, schizoaffective disorder, clinical depression, bipolar disorder and/or other major mental illnesses.

34) Upon information and belief, the Township is the recipient of federal financial assistance.

35) RHC has suffered and will continue to suffer irreparable injury as a direct and proximate result of Defendant's conduct, policies, practices and procedures as described above until such time as its rights are vindicated.

36) On August 7, 2012, RHC submitted to the Township RHC's Application for Site Plan Review, the site plan review application fee and three sealed and stamped copies of RHC's proposed "Site Plan Amendment."

00743417.DOC

37) The Site Plan Amendment shows proposed improvements to the RHC campus including the construction of a new administration building, a newly designed public entrance way, and other entrance feature and other improvements.

38) RHC has asked that the Site Plan Amendment be processed for review and comment by the Township Planner and Staff prior to formal submittal to the Planning Commission for review.

39) To date, the Site Plan Amendment has not been approved by the Township.

## COUNT I
## VIOLATION OF THE FAIR HOUSING AMENDMENTS ACT 42 USC §3601 *et. seq.*

40) Plaintiff hereby incorporates by reference Paragraphs 1 through 39 as though fully set forth herein.

41) The Fair Housing Amendments Act, 42 U.S.C. §3601 *et seq.* ("FHAA"), prohibits housing discrimination on the basis of a disability.

42) The FHAA makes it unlawful to make a dwelling unavailable or deny a dwelling to a person with disability because of a handicap of a person residing in the home and/or anyone associated with the buyer or renter. 42 U.S.C. §3604 (f)(1).

43) The FHAA makes it unlawful for governmental entities, such as the Township, to refuse to make "reasonable accommodations in rules, policies, practices or services" when such accommodations may be necessary to facilitate the enjoyment of community-based housing by individuals with disabilities. 42 U.S.C. §3604 (f)(3)(B).

44) Furthermore, the FHAA operates so as to invalidate any law of a state, a political subdivision, or other such jurisdiction that purports to require or permit any action that would be a discriminatory housing practice. 42 U.S.C. §3615.

6

45) Any person who has been injured by a discriminatory practice or who believes that a person will be injured by an imminent discriminatory housing practice has standing to enforce the FHAA. 42 U.S.C. §3602(i).

46) The SLUP itself is unlawful under the FHAA. The Township's Zoning Ordinance provides for RHC's use only by way of special land use, rather than by right, in violation of the FHAA.

47) The policies, practices, and conduct of Defendant, as described above, violate RHC's rights, as secured by the FHAA, in that said policies, practices and conduct have operated so as to restrict and deny housing opportunities to persons with disabilities.

48) The policies, practices and conduct of Defendant, as described above, violate the right of RHC to provide the housing of a resident's choice to persons with disabilities.

49) The policies, practices and conduct of Defendant, as described above, disparately impact RHC.

50) Defendant's disparate treatment of RHC's residents violates the FHAA.

WHEREFORE, Plaintiff prays that this Honorable Court:

    a) Enter an injunction preventing the Township from interfering with RHC's use of the Property as a residential rehabilitation services center for the mentally disabled; including but not limited to enjoining the Township from enforcement of the SLUP itself.

    b) In the alternative, enter an injunction preventing the Township from interfering with RHC's use of the Property as a residential rehabilitation services center for the mentally disabled; including but not limited to enjoining the Township from enforcement of Condition One of the SLUP which arbitrarily limits the occupancy at RHC and Condition Four of the SLUP which blanketly prohibits RHC from housing and/or treating any and all persons adjudicated NGRI or convicted of a felony.

    c) Compel the Township to issue all approvals and permits necessary to reasonably accommodate RHC's use.

    d) Grant Plaintiff attorney fees, expert fees and other damages as provided by

the FHAA and/or other law.

e) Grant any other relief this Court deems fair and just.

## COUNT II
### AMERICANS WITH DISABILITIES ACT; 42 U.S.C. §12131-12134 AND SECTION 505 OF THE REHABILITATION ACT 29 U.S.C. §794a

51) Plaintiff hereby incorporates by reference Paragraphs 1 through 50 as though fully set forth herein.

52) Title II of the Americans with Disabilities Act ("ADA") provides, in relevant part, that no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity. 42 U.S.C. §12132.

53) The ADA requires public entities to make reasonable modifications in policies, practices or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity. 28 C.F.R. §35.130(b)(6).

54) Defendant is a "public entity" as defined by the ADA. 42 U.S.C. §12131.

55) The residents and non-residents of RHC, in their individual capacities, are qualified individuals with a disability as defined in the ADA.

56) The residents and non-residents of RHC experience disability under the ADA in the form of a mental impairment that substantially limits one or more major life activities of the individual residents and non-residents.

57) The residents and non-residents of RHC, in their individual capacities, have standing to assert a claim under the ADA.

00743417.DOC

58) As a service provider of residential and non-residential rehabilitation services to the mentally disabled whose use of the Property has been restricted by a public entity, RHC is entitled to legal protection under the ADA.

59) RHC, as a provider of support and services for individuals with mental illness in Oakland County, has standing to assert a claim under the ADA on behalf of the residents and non-residents of RHC.

60) The remedies, procedures and rights set forth at §505 of the Rehabilitation Act, 29 U.S.C. §794a, are applied to actions brought pursuant to Title II of the ADA.

61) The SLUP itself is unlawful under the ADA. The SLUP itself violates the ADA as no reasonable or rational health, safety, welfare or other legitimate governmental purpose or interest is advanced by the requiring that Plaintiff obtain a SLUP.

62) Persons who have a mental disability and have been adjudicated NGRI constitute a protected subclass of disabled individuals pursuant to the ADA.

63) Defendant's exclusion of all persons who have a mental disability and have been adjudicated NGRI from residing at or being treated at RHC constitutes a violation of the ADA.

64) Persons who have a mental disability and have been convicted of a felony constitute a protected subclass of disabled individuals pursuant to the ADA.

65) Defendant's exclusion of all persons who have a mental disability and have been convicted of a felony from residing at or being treated at RHC constitutes a violation of the ADA.

66) As set forth above, Defendant, by its actions and inactions, has, in effect, excluded RHC from the Property as applied through the various zoning decisions of the Township.

67) Such exclusion amounts to discrimination by the Township against qualified individuals with disabilities in violation of the ADA.

68) Such exclusion amounts to Defendant's failure to provide reasonable accommodations to qualified individuals with disabilities so as to deny them meaningful access to the benefits of services provided by a public entity in violation of the ADA.

69) Further, Defendant discriminated against Plaintiff in considering the disability of the individual residents and non-residents of RHC in its various zoning decisions.

70) The policies, practices, and conduct of Defendant violate RHC's rights as secured by the ADA, in that said policies, practices, and conduct have operated so as to restrict and deny it from lawfully using the Property and from fulfilling its mission of serving individuals with disabilities in a residential environment.

71) Defendant's discrimination against Plaintiff and failure to reasonably accommodate Plaintiff fails to advance any reasonable or rational health, safety, welfare or other legitimate governmental purpose or interest.

WHEREFORE, Plaintiff prays that this Honorable Court:

a) Enter an injunction preventing the Township from interfering with RHC's use of the Property as a residential and non-residential rehabilitation services center for the mentally disabled; including but not limited to enjoining the Township from enforcement of the SLUP itself.

b) In the alternative, enter an injunction preventing the Township from interfering with RHC's use of the Property as a residential and non-residential rehabilitation services center for the mentally disabled; including but not limited to enjoining the Township from enforcement of Condition One of the SLUP which arbitrarily limits the occupancy at RHC and Condition Four of the SLUP which blankety prohibits RHC from housing and/or treating any and all persons adjudicated NGRI or convicted of a felony.

c) Compel the Township to issue all approvals and permits necessary to reasonably accommodate RHC's use.

d) Grant Plaintiff attorney fees, expert fees and other damages as provided by the Americans with Disabilities Act or other law.

e) Grant any other relief this Court deems fair and just.

00743417.DOC

## COUNT III
## VIOLATION OF 42 U.S.C. §1983

72) Plaintiff hereby incorporates by reference Paragraphs 1 through 71 as though fully set forth herein.

73) 42 U.S.C. §1983 provides that every person who under color of any statute, ordinance, regulation, custom, or usage of any state or territory, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

74) Defendant in this action are "persons" for purposes of 42 U.S.C. §1983.

75) As described above, the actions and inactions of Defendant, acting under color of state law, in intentionally and unlawfully excluding RHC from the Property based on intentional discrimination and failure to reasonably accommodate have amounted to a deprivation of Plaintiff's equal protection and substantive due process rights under the United States Constitution, same constituting a violation of 42 U.S.C. §1983.

76) RHC has legally protected property and liberty interests in utilizing the Property for all lawful purposes.

77) RHC's use of the Property is lawful under federal, state and local law.

78) Defendant's imposition of the arbitrary and capricious SLUP conditions, and its failure to utilize local zoning procedures to accommodate RHC's use with full knowledge of RHC's existing use at the Property, resulted in the deprivation of RHC's constitutionally protected property and liberty interests in violation of the due process clause of the Fourteenth Amendment to the Constitution of the United States.

WHEREFORE, Plaintiff prays that this Honorable Court:

    a) Enter an injunction preventing the Township from interfering with RHC's use

00743417.DOC

of the Property as a residential and non-residential rehabilitation services center for the mentally disabled; including but not limited to enjoining the Township from enforcement of the SLUP itself.

b) In the alternative, enter an injunction preventing the Township from interfering with RHC's use of the Property as a residential and non-residential rehabilitation services center for the mentally disabled; including but not limited to enjoining the Township from enforcement of Condition One of the SLUP which arbitrarily limits the occupancy at RHC and Condition Four of the SLUP which blanketly prohibits RHC from housing and/or treating any and all persons adjudicated NGRI or convicted of a felony.

c) Compel the Township to issue all approvals and permits necessary to reasonably accommodate RHC's use.

d) Grant Plaintiff attorney fees, expert fees and other damages as provided by 42 U.S.C. §1983 or other law.

e) Grant any other relief this Court deems fair and just.

## COUNT IV
## SECTION 504 OF THE REHABILITATION ACT OF 1973

79) Plaintiff hereby incorporates by reference Paragraphs 1 through 78 as though fully set forth herein.

80) Section 504 of the Rehabilitation Act of 1973 prohibits any program or activity receiving federal financial assistance from discriminating against otherwise qualified people on the basis of their disabilities. 29 U.S.C. §794.

81) RHC, as a service provider whose use of its Property has been restricted by Defendant on the basis of its status as a residential and non-residential rehabilitation services provider to the mentally disabled, is entitled to legal protection under §504.

82) The policies, practices, and conduct of Defendant violate RHC's right to provide housing and treatment to persons with mental and/or physical disabilities.

WHEREFORE, Plaintiff prays that this Honorable Court

a) Enter an injunction preventing the Township from interfering with RHC's use of the Property as a residential and non-residential rehabilitation services center for the mentally disabled; including but not limited to enjoining the

00743417.DOC

      Township from enforcement of the SLUP itself.

  b) In the alternative, enter an injunction preventing the Township from interfering with RHC's use of the Property as a residential and non-residential rehabilitation services center for the mentally disabled; including but not limited to enjoining the Township from enforcement of Condition One of the SLUP which arbitrarily limits the occupancy at RHC and Condition Four of the SLUP which blanketly prohibits RHC from housing and/or treating any and all persons adjudicated NGRI or convicted of a felony.

  c) Compel the Township to issue all approvals and permits necessary to reasonably accommodate RHC's use.

  d) Grant Plaintiff attorney fees, expert fees and other damages as provided by statute or other law.

  e) Grant any other relief this Court deems fair and just.

## COUNT V
### EXCLUSIONARY ZONING; DENIAL OF EQUAL PROTECTION AND SUBSTANTIVE AND PROCEDURAL DUE PROCESS UNDER THE FEDERAL AND MICHIGAN CONSTITUTIONS

83) Plaintiff hereby incorporates by reference Paragraphs 1 through 82 as though fully set forth herein.

84) Defendant, by its actions and inactions, has in effect, excluded RHC from the Property as applied through the various zoning decisions of the Township. RHC and similar and associated uses are recognized by the statutes and case law of the United States and the State of Michigan to be lawful land uses.

85) A substantial segment and percentage of the population of Oakland County, the State of Michigan and the United States has a recognized and demonstrated need for the facilities and services provided by RHC as such facilities and services contribute to the right of an individual to engage in the common occupations of life, a liberty interest protected under the United States Constitution and the Michigan Constitution.

86) The Property is a reasonable location for RHC.

00743417.DOC

87) No reasonable or rational governmental interest is advanced by Defendant's exclusion of RHC from the Property.

88) Defendant's exclusion of RHC from the Property denies the residents and non-residents of RHC the right to engage in the common occupations of life and shocks the conscience.

89) Defendant's exclusion of RHC from the Property constitutes a violation of Plaintiff's right to equal protection and substantive due process as set forth in the 5th and 14th Amendments to the United States Constitution.

90) Defendant's exclusion of RHC from the Property constitutes a violation of Plaintiff's right to equal protection and substantive due process as set forth in the Michigan Constitution.

91) Defendant's failure to permit RHC to exist as of right anywhere within the Township, but rather merely providing for RHC by way of special land use, constitutes a violation of Plaintiff's right to equal protection and substantive due process as set forth in the 5th and 14th Amendments to the United States Constitution and the Michigan Constitution.

92) Defendant has engaged in disability-based arbitrary and capricious, and irrational discrimination against RHC in that the policies, practices, and conduct of Defendant restricts RHC's lawful use of its Property as a residence and treatment center for individuals with disabilities and constitutes disparate treatment of RHC based upon the disabilities of RHC's residents and non-residential in violation of the United States Constitution and the Michigan Constitution.

93) Defendant's imposition of arbitrary and capricious SLUP conditions and its failure to utilize local zoning procedures in order to accommodate RHC's use with full knowledge of RHC's existing use at the Property, resulted in the deprivation of RHC's constitutionally protected property and liberty interests in violation of the due process clause of the Fourteenth Amendment to the Constitution of the United States.

94) Defendant has further engaged in disability-based arbitrary, capricious, and irrational discrimination against RHC and contrary to its right to procedural due process in that to date, the Site Plan Amendment is not being processed by the Township in the ordinary course.

WHEREFORE, Plaintiff prays that this Honorable Court:

a) Enter an injunction preventing the Township from interfering with RHC's use of the Property as a residential and non-residential rehabilitation services center for the mentally disabled; including but not limited to enjoining the Township from enforcement of the SLUP itself.

b) In the alternative, enter an injunction preventing the Township from interfering with RHC's use of the Property as a residential and non-residential rehabilitation services center for the mentally disabled; including but not limited to enjoining the Township from enforcement of Condition One of the SLUP which arbitrarily limits the occupancy at RHC and Condition Four of the SLUP which blanketly prohibits RHC from housing and/or treating any and all persons adjudicated NGRI or convicted of a felony.

c) Compel the Township to issue all approvals and permits necessary to reasonably accommodate RHC's use including with respect to the Site Plan Amendment.

d) Grant Plaintiff attorney fees, expert fees and other damages as provided by statute or other law.

e) Grant any other relief this Court deems fair and just.

## COUNT VI
## VIOLATION OF THE PERSONS WITH DISABILITIES
## CIVIL RIGHTS ACT; MCL §37.1101 *et. seq.*

95) Plaintiff hereby incorporates by reference Paragraphs 1 through 94 as though fully set forth herein.

96) Article III of the Persons with Disabilities Civil Rights Act ("PWDCRA"), MCL 37.1101 *et seq.*, addresses disability discrimination in providing of public services.

97) The PWDCRA prohibits a municipality, such as the Township, and its departments, boards and agencies from denying an individual the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public service because of a

00743417.DOC

disability that is unrelated to the individual's ability to utilize and benefit from the goods, services, facilities, privileges, advantages or accommodations.

98) As set forth above, Defendant, by its actions and inactions has, in effect, excluded RHC from the Property as applied through the various zoning decisions of the Township.

99) Such exclusion amounts to discrimination against qualified individuals with a disability by Defendant in violation of the PWDCRA.

100) Such exclusion amounts to the failure to provide reasonable accommodations to qualified individuals with a disability so as to deny them meaningful access to the benefits of services provided by a public entity by Defendant in violation of the PWDCRA.

101) Further, Defendant discriminated against Plaintiff, in violation of the PWDCRA, in considering the disability of the individual residents and non-residents of RHC in various zoning decisions of the Township.

WHEREFORE, Plaintiff prays that this Honorable Court:

a) Enter an injunction preventing the Township from interfering with RHC's use of the Property as a residential and non-residential rehabilitation services center for the mentally disabled; including but not limited to enjoining the Township from enforcement of the SLUP itself.

b) In the alternative, enter an injunction preventing the Township from interfering with RHC's use of the Property as a residential and non-residential rehabilitation services center for the mentally disabled; including but not limited to enjoining the Township from enforcement of Condition One of the SLUP which arbitrarily limits the occupancy at RHC and Condition Four of the SLUP which blanketly prohibits RHC from housing and/or treating any and all persons adjudicated NGRI or convicted of a felony.

c) Compel the Township to issue all approvals and permits necessary to reasonably accommodate RHC's use.

d) Grant Plaintiff attorney fees, expert fees and other damages as provided by the PWDCRA or other law.

e) Grant any other relief this Court deems fair and just.

00743417.DOC

WILLIAMS, WILLIAMS, RATTNER & PLUNKETT, P.C.

BY:    */s/Richard E. Rassel*
      RICHARD E. RASSEL (P57540)
      380 N. Old Woodward, Suite 300
      Birmingham, MI 48009
      (248) 642-0333
      rer@wwrplaw.com
      *Counsel for Plaintiff*

Dated: November 26, 2012

00743417.DOC

## Jury Demand

Plaintiff demands a trial by jury on all issues so triable in this action.

        WILLIAMS, WILLIAMS, RATTNER & PLUNKETT, P.C.

        /s/*Richard E. Rassel*
BY:   RICHARD E. RASSEL  (P57540)
        380 N. Old Woodward, Suite 300
        Birmingham, MI  48009
        (248) 642-0333
        rer@wwrplaw.com
        *Counsel for Plaintiff*

Dated:  November 26, 2012